```
                    IN THE DISTRICT CIRCUIT
         IN AND FOR THE MIDDLE DISTRICT OF FLORIDA
                       ORLANDO DIVISION
```

ISLAM "SAL" SHIMY,                )
                                  )
    Plaintiff,                    )
                                  )    CASE NO.:
vs.                               )
                                  )
EASTERN FLORIDA STATE COLLEGE,    )
BOARD OF TRUSTEES,                )
                                  )
    Defendant.                    )
_____ )

**COMPLAINT AND DEMAND FOR JURY TRIAL**

    The Plaintiff, ISLAM "SAL" SHIMY, sues the Defendant, EASTERN FLORIDA STATE COLLEGE, BOARD OF TRUSTEES, and alleges as follows:

    1.  This is an action to redress discrimination based upon national origin and religion pursuant to the Florida Civil Rights Act, §760.01, *et seq.,* Florida Statutes, (FCRA) and Title VII of the Civil Rights Act, as amended (Title VII).

<u>PARTIES</u>

    2.  The Plaintiff is a resident of Brevard County, Florida, who, at all times relevant to this action, was an employee of the Defendant.

    3.  The Defendant is a political subdivision of the State of Florida in the geographical jurisdiction of this Court, and is an "employer" as that term is defined in the FCRA and Title VII.

## VENUE AND JURISDICTION

4. At all relevant times, the Plaintiff was employed by the Defendant as a professor.

5. Venue is appropriate in this Court because all or a majority of the conduct that led to this action occurred in Brevard County.

6. Jurisdiction is appropriate in this Court pursuant to 28 U.S.C. §1331. Supplemental jurisdiction over the state law claims is appropriate in this Court pursuant to 28 U.S.C. §1367.

## FACTS

7. The Plaintiff is of Egyptian national origin and practices Islam.

8. The Plaintiff was treated less favorably than co-workers who were not members of his protected classes. Specifically, but not as a limitation, the Plaintiff was held to different standards than others. Further, the Plaintiff:

    a. Was given the nickname "Sal" by his superior(s);

    b. Was terminated and not selected for renewal of his employment contract on or around April 27, 2022; and

    b. Was non-renewed prior to earning tenure, despite receiving an overwhelmingly positive evaluations and compliments by his direct supervisor.

9. The Plaintiff is aware of other faculty members of color who were terminated and/or whose contracts were not renewed on the same day that he was told his contract was non-renewed.

## COUNT I: NATIONAL ORIGIN DISCRIMINATION

## IN VIOLATION OF TITLE VII

10. The Plaintiff incorporates Paragraphs 1-9 as if fully rewritten herein.

11. The Plaintiff's national origin, Egyptian, was a determining factor in the decision to engage in the unlawful conduct set forth in Paragraph 8, above. Such conduct violates Title VII.

12. As a direct and proximate result of the Defendant's unlawful conduct, the Plaintiff has suffered, and continues to suffer, the loss of income and loss of potential employment opportunities. The Plaintiff also suffered and continues to suffer, mental anguish, emotional distress, and embarrassment, as a result of the Defendant's unlawful conduct.

13. The Plaintiff has exhausted all requisite administrative remedies prior to bringing this action. Specifically, the Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission (which was referred to the U.S. Dept. of Justice) and has received a Notice of Right to Sue. The Plaintiff brings this

action more than one hundred eighty days after filing the Charge of Discrimination and within ninety days of receiving the Notice of Right to Sue.

WHEREFORE, based upon the foregoing, the Plaintiff prays:

a. That the Court take jurisdiction over this action;

b. That the Court award the Plaintiff his lost pay and benefits caused by the Defendant's unlawful conduct;

c. That the Court award the Plaintiff compensatory damages for his mental anguish;

d. That the Court order the Defendant to reconsider the Plaintiff for tenure; and

e. That the Court award the Plaintiff a reasonable attorney's fees and costs in bringing this action.

## COUNT II: NATIONAL ORIGIN DISCRIMINATION
## IN VIOLATION OF TITLE VII

14. The Plaintiff incorporates Paragraphs 1-9 as if fully rewritten herein.

15. The Plaintiff's religion, Islam, was a determining factor in the decision to engage in the unlawful conduct set forth in Paragraph 8, above. Such conduct violates Title VII.

16. As a direct and proximate result of the Defendant's unlawful conduct, the Plaintiff has suffered, and continues to suffer, the loss of income and loss of potential employment

opportunities. The Plaintiff also suffered and continues to suffer, mental anguish, emotional distress, and embarrassment, as a result of the Defendant's unlawful conduct.

17. The Plaintiff has exhausted all requisite administrative remedies prior to bringing this action. Specifically, the Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission and has received a Notice of Right to Sue. The Plaintiff brings this action more than one hundred eighty days after filing the Charge of Discrimination and within ninety days of receiving the Notice of Right to Sue.

WHEREFORE, based upon the foregoing, the Plaintiff prays:

a. That the Court take jurisdiction over this action;

b. That the Court award the Plaintiff his lost pay and benefits caused by the Defendant's unlawful conduct;

c. That the Court award the Plaintiff compensatory damages for his mental anguish;

d. That the Court order the Defendant to reconsider the Plaintiff for tenure; and

e. That the Court award the Plaintiff a reasonable attorney's fees and costs in bringing this action.

## COUNT III: RELIGIOUS DISCRIMINATION

## IN VIOLATION OF TITLE VII

18. The Plaintiff incorporates Paragraphs 1-9 as if fully rewritten herein.

19. The Plaintiff's religion was a determining factor in the decision to engage in the unlawful conduct set forth in Paragraph 8, above. Such conduct violates Title VII.

20. As a direct and proximate result of the Defendant's unlawful conduct, the Plaintiff has suffered, and continues to suffer, the loss of income and loss of potential employment opportunities. The Plaintiff also suffered and continues to suffer, mental anguish, emotional distress, and embarrassment, as a result of the Defendant's unlawful conduct.

21. The Plaintiff has exhausted all requisite administrative remedies prior to bringing this action. Specifically, the Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission and has received a Notice of Right to Sue. The Plaintiff brings this action more than one hundred eighty days after filing the Charge of Discrimination and within ninety days of receiving the Notice of Right to Sue.

WHEREFORE, based upon the foregoing, the Plaintiff prays:

a. That the Court take jurisdiction over this action;

b. That the Court award the Plaintiff his lost pay and benefits caused by the Defendant's unlawful conduct;

c. That the Court award the Plaintiff compensatory damages for his mental anguish;

d. That the Court order the Defendant to reconsider the Plaintiff for tenure; and

e. That the Court award the Plaintiff a reasonable attorney's fees and costs in bringing this action.

## COUNT IV: RELIGIOUS DISCRIMINATION
## IN VIOLATION OF FCRA

22. The Plaintiff incorporates Paragraphs 1-9 as if fully rewritten herein.

23. The Plaintiff's religion, Islam, was a determining factor in the decision to engage in the unlawful conduct set forth in Paragraph 8, above. Such conduct violates the FCRA.

24. As a direct and proximate result of the Defendant's unlawful conduct, the Plaintiff has suffered, and continues to suffer, the loss of income and loss of potential employment opportunities. The Plaintiff also suffered and continues to suffer, mental anguish, emotional distress, and embarrassment, as a result of the Defendant's unlawful conduct.

25. The Plaintiff has exhausted all requisite administrative remedies prior to bringing this action. Specifically, the Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission and has received a Notice of Right to Sue. The Plaintiff brings this action more than one hundred eighty days after filing the Charge of Discrimination and within ninety days of receiving the Notice of Right to Sue.

WHEREFORE, based upon the foregoing, the Plaintiff prays:

a. That the Court take jurisdiction over this action;

b. That the Court award the Plaintiff his lost pay and benefits caused by the Defendant's unlawful conduct;

c. That the Court award the Plaintiff compensatory damages for his mental anguish;

d. That the Court order the Defendant to reconsider the Plaintiff for tenure; and

e. That the Court award the Plaintiff a reasonable attorney's fees and costs in bringing this action.

*Shumy v. Eastern Florida State College*; PCC FILE 5016-2
Complaint and Demand for Jury Trial; Page 9

## JURY TRIAL DEMAND

The Plaintiff demands a trial by jury on all issues so triable.

Dated this 27th day of September, 2023.

**PRIVATE CORPORATE COUNSEL**
Attorneys|Consultants|Mediators
201 East Pine Street, Suite 445
Orlando, Florida 32801
(407) 647-7887
(407) 647-5396 Fax
CPLS File No. 5016-2
*Attorneys for Plaintiff*

_____
Melissa C. Mihok, Esq.
Florida Bar No. 555851
mmihok@pcc.law
courtefiling@pcc.law