Filing # 144158056 E-Filed 02/17/2022 05:15:43 PM

IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT, IN AND FOR BREVARD COUNTY, FLORIDA

CASE NO: 05-2022-DR-016080

IN RE:

███████████████████████████,
    Petitioner,

and

ISLAM W SHIMY,
    Respondent.

_____

## TEMPORARY INJUNCTION FOR PROTECTION AGAINST DOMESTIC VIOLENCE WITH MINOR CHILD(REN)

The Petition for Injunction for Protection Against Domestic Violence under section 741.30, Florida Statutes, and other papers filed in this Court have been reviewed. Under the laws of Florida, the Court has jurisdiction of the Petitioner and the subject matter and has jurisdiction of the Respondent upon service of the temporary injunction.

It is intended that this protection order meet the requirements of 18 U.S.C. Section 2265 and therefore intended that it be accorded full faith and credit by the court of another state or Indian tribe and enforced as if it were the order of the enforcing state or of the Indian tribe.

SECTION 1. NOTICE OF HEARING

Because this Temporary Injunction for Protection Against Domestic Violence has been issued without notice to Respondent, the Petitioner and Respondent are instructed that they are scheduled to appear and testify at a hearing regarding this matter on **Friday, February 25, 2022, at 8:30am**, when the Court will consider whether to issue a Final Judgment of Injunction for Protection Against Domestic Violence, which shall remain in effect until modified or dissolved by the Court, and whether other things should be ordered, including, for example, such matters as support. The hearing will be before **The Honorable PRESIDING INJUNCTION JUDGE**, at the **Moore Justice Center, 2825 Judge Fran Jamieson Way, Viera, Florida 32940, Courtroom 2-D**. If Petitioner

Filing 144158056 DR-016080     ███████████ v. ISLAM W SHIMY

EXHIBIT
Shimy 04
1-30-25

**Exhibit 13**

and/or Respondent do not appear, this temporary injunction may be continued in force, extended, or dismissed, and/or additional orders may be granted, including entry of a permanent injunction and the imposition of court costs. Petitioner and Respondent will be bound by the terms of any injunction or order issued at the final hearing.

IF EITHER PETITION OR RESPONDENT DO NOT APPEAR AT THE FINAL HEARING, HE OR SHE WILL BE BOUND BY THE TERMS OF ANY INJUNCTION OR ORDER ISSUED IN THIS MATTER.

All witnesses and evidence, if any, must be presented at this time. In cases where temporary support issues have been alleged in the pleadings, each party is ordered to bring his or her financial affidavit (Florida Family Law Rules of Procedure Form 12.902(b) or (c)), tax return, pay stubs, and other evidence of financial income to the hearing.

NOTICE: Because this is a civil case, there is no requirement that these proceedings be transcribed at public expense.

YOU ARE ADVISED THAT IN THIS COURT:

a. [ ] a court reporter is provided by the court.

b.[X] electronic recording only is provided by the court. A party may arrange in advance for the services of and provide for a court reporter to prepare a written transcript of the proceedings at that party's expense.

A RECORD, WHICH INCLUDES A TRANSCRIPT, MAY BE REQUIRED TO SUPPORT AN APPEAL. THE PARTY SEEKING THE APPEAL IS RESPONSIBLE FOR HAVING THE TRANSCRIPT PREPARED BY A COURT REPORTER. THE TRANSCRIPT MUST BE FILED WITH THE REVIEWING COURT OR THE APPEAL MAY BE DENIED.

ATTN: PERSONS WITH DISABILITIES. If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Court Administration at the Moore Justice Center, 2825 Judge Fran Jamieson Way, 3rd Floor, Viera, FL 32940-8006, (321) 633-2171 ext. 3, at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days. If you are hearing or voice impaired call 1-800-955-8771.

SECTION II: FINDINGS

**Exhibit 13**

The statements made under oath by Petitioner make it appear that Section 741.30, Florida Statutes, applies to the parties. It also appears that Petitioner is a victim of domestic violence by Respondent, and./or Petitioner has reasonable cause to believe he or she is in imminent danger of becoming a victim of domestic violence by Respondent, and that there is an immediate and present danger of domestic violence to Petitioner or persons lawfully with Petitioner.

SECTION III. TEMPORARY INJUNCTION AND TERMS

This injunction shall be effective until the hearing set above and in no event for longer than 15 days, unless extended by court order. If a final order of injunction is issued, the terms of this temporary injunction will be extended until service of the final injunction is effected upon Respondent. This injunction is valid and enforceable in all counties of the State of Florida. The terms of this injunction may not be changed by either party alone or by both parties together. Only the Court may modify the terms of this injunction. Either party may ask the court to change or end this Injunction.

Any violation of this injunction, whether or not at the invitation of Petitioner or anyone else, may subject Respondent to civil or indirect criminal contempt proceedings, including the imposition of a fine or imprisonment. Certain willful violations of the terms of this injunction, such as: refusing to vacate the dwelling that the parties share; going to or being within 500 feet of Petitioner's residence, going to Petitioner's place of employment, school, or other place prohibited in this injunction; telephoning, contacting or communicating with Petitioner if prohibited by this injunction; knowingly or intentionally coming within 100 feet of Petitioner's motor vehicle, whether or not it is occupied; defacing or destroying Petitioner's personal property; refusing to surrender firearms or ammunition if ordered to do so by the court; or committing an act of domestic violence against Petitioner constitutes a misdemeanor of the first degree punishable by up to one year in jail, as provided by sections 775.082 and 775.083, Florida Statutes. In addition, it is a federal criminal felony offense, punishable by up to life imprisonment, depending on the nature of the violation, to cross state lines or enter Indian country for the purpose of engaging in conduct that is prohibited in this injunction. 18 U.S.C. Section 2261.

ORDERED and ADJUDGED:

1 Violence Prohibited. Respondent shall not commit, or cause any other person to commit, any acts of domesticviolence against Petitioner. Domestic violence includes: assault, aggravated assault, battery, aggravated battery, sexual assault, sexual battery, stalking, aggravated stalking, kidnapping, false imprisonment, or any other criminal offense resulting in physical injury or death to Petitioner or any of Petitioner's family or household members. Respondent shall not commit any other violation of the injunction through an intentional unlawful threat, word, or act to do violence to the Petitioner.

**Exhibit 13**

2. **No Contact.** Respondent shall have no contact with the Petitioner unless otherwise provided in this section.

   a. Unless otherwise provided herein, Respondent shall have no contact with Petitioner. Respondent shall not directly or indirectly contact Petitioner in person, by mail, e-mail, fax, telephone, through another person, or in any other manner. Further, Respondent shall not contact or have any third party contact anyone connected with Petitioner's employment or school to inquire about Petitioner or to send any messages to Petitioner. Unless otherwise provided herein, Respondent shall not go to, in, or within 500 feet of: Petitioner's current residence {list address} ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ or any residence to which Petitioner may move; Petitioner's current or any subsequent place of employment {list address of current employment} EASTERN FLORIDA STATE COLLEGE or place where Petitioner attends school {list address of school} or the following other places (if requested by Petitioner) where Petitioner or Petitioner's minor child(ren) go often: _____.

   Respondent may not knowingly come within 100 feet of Petitioner's automobile at any time.

   b. [ ] Other provisions regarding contact: _____.

3. **Firearms.**
   {Initial all that apply; write N/A if does not apply}
   a. [ JT ] Respondent shall not use or possess a firearm or ammunition.
   b. [ JT ] Respondent shall surrender any firearms and ammunition in Respondent's possession to the ___BREVARD___ County Sheriff's Department.
   c. [ ] Other directives relating to firearms and ammunition: _____.

NOTE: RESPONDENT IS ADVISED THAT, IF A PERMANENT INJUNCTION FOR PROTECTION AGAINST DOMESTIC VIOLENCE IS ISSUED FOLLOWING A HEARING REGARDING THIS MATTER, IN MOST CASES IT WILL BE A VIOLATION OF SECTION 790.233, FLORIDA STATUTES, AND A FIRST DEGREE MISDEMEANOR, FOR RESPONDENT TO HAVE IN HIS OR HER CARE, CUSTODY, POSSESSION OR CONTROL ANY FIREARM OR AMMUNITION. ADDITIONALLY, IT WILL BE A FEDERAL CRIMINAL FELONY OFFENSE TO SHIP OR TRANSPORT IN INTERSTATE OR FOREIGN COMMERCE, OR POSSESS IN OR AFFECTING COMMERCE, ANY FIREARM OR AMMUNITION; OR TO RECEIVE ANY FIREARM OR AMMUNITION WHICH HAS BEEN SHIPPED OR TRANSPORTED IN INTERSTATE OR FOREIGN COMMERCE WHILE SUBJECT TO SUCH AN INJUNCTION. 18 U.S.C. SECTION 922(g)(8).

4. **Mailing Address or Designated E-Mail Address(es).** Respondent shall notify the Clerk of the Court of any change in either his or her mailing adddress, or designated e-mail address(es), within 10 days of the change. All further papers (excluding the final injunction, if entered without Respondent being present at the hearing, and pleadings requiring personal service) shall be served

either by mail to Respondent's last known mailing address or by e-mail to Respondent's designated e-mail address(es). Service shall be complete upon mailing or e-mailing.

5. Additional order(s) necessary to protect Petitioner from domestic violence: _____.

TEMPORARY EXCLUSIVE USE AND POSSESSION OF HOME
{Initial all that apply; write N/A if does not apply}

6. [N/A] **Possession of the Home.** [ ] Petitioner [ ] Respondent shall have temporary exclusive use and possession of the dwelling located at N/A.

7. [N/A] **Transfer of Possession of the Home.** A law enforcement officer with jurisdiction over the home shall accompany [ ] Petitioner [ ] Respondent to the home, and shall place [ ] Petitioner [ ] Respondent in possession of the home.

8. [ ] **Personal Items.** [ ] Petitioner [ ] Respondent, in the presence of a law enforcement officer, may return to the premises described above [ ] on _____, at _____, _.m., or [ ] at a time arranged with the law enforcement department with jurisdiction over the home, for the purpose of obtaining his or her clothing and items of personal health or hygiene and tools of the trade. A law enforcement officer with jurisdiction over the home from which these items are to be retrieved shall accompany
[ ] Petitioner [ ] Respondent to the home and stand by to insure that he/she vacates the premises with only his/her personal clothing, toiletries, tools of the trade, and any items listed in paragraph 10 below. IF THE RESPONDENT IS NOT AWARDED POSSESSION OF THE HOME AND GOES TO THE HOME WITHOUT A LAW ENFORCEMENT OFFICER, IT IS A VIOLATION OF THIS INJUNCTION.

9. [ ] Petitioner [ ] Respondent shall not damage or remove any furnishings or fixtures from the parties' former shared premises.

10. [ ] Other: _____.

TEMPORARY SUPPORT

Temporary support, if requested by Petitioner in the Petition for Injunction for Protection Against Domestic Violence, will be addressed by the Court after notice to Respondent and hearing on the matter.

TEMPORARY PARENTING PLAN WITH TIME-SHARING WITH MINOR CHILD(REN)
11. Jurisdiction. [Initial one only]

[JT] Jurisdiction to determine issues relating to parenting plan and time-sharing with respect to any minor child(ren) listed in paragraph 12 below is proper under the Uniform Child Custody

**Exhibit 13**

Jurisdiction and Enforcement Act (UCCJEA).

[ ] Jurisdiction is exclusive to the dependency court, and accordingly no order is made herein. (Case Number _____.)

12. **Temporary Order for 100% Time-Sharing With Respect to Minor Child(ren).**
[ JT ] Petitioner [ ] Respondent shall, on a temporary basis, have 100% time sharing with respect to the partie's minor child(ren) listed below:

Name/Birth date

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

When requested by the parent to whom 100% time-sharing is awarded on a temporary basis herein, law enforcement officers shall use any and all reasonable and necessary force to physically deliver the minor child(ren) listed above to the parent to whom 100% time-sharing is awarded on a temporary basis herein. The other parent shall not take the child(ren) from the parent to whom 100% time-sharing is awarded on a temporary basis herein or any child care provider or other person entrusted by the parent to whom 100% time-sharing is awarded on a temporary basis herein with the care of the child(ren).

{Initial if applies; write N/A if does not apply}
[JT ] Neither party shall remove the minor child(ren) from the State of Florida, which is the jurisdiction of this Court, prior to the hearing on this temporary injunction. Violation of this custody order may constitute a felony of the third degree under sections 787.03 and 787.04, Florida Statutes.

13. **Contact with Minor Child(ren):** Unless otherwise provided in paragraph 14 below,
[ ] Petitioner [ JT ] Respondent (i.e., the parent to whom 100% time-sharing is not awarded on a temporary basis herein) shall have no contact with the parties' minor child(ren) until further order of the Court.

14. Other Additional Provisions Relating to the Minor Child(ren). _____.

## SECTION IV. OTHER SPECIAL PROVISIONS
{This section to be used for inclusion of local provisions approved by the chief judge as provided in Florida Family Law Rule 12.610.}

_____.

## SECTION V. DIRECTIONS TO LAW ENFORCEMENT OFFICER IN ENFORCING THIS INJUNCTION
{Unless ordered otherwise by the judge, all provisions in this injunction are considered

*mandatory provisions and should be interpreted as part of this injunction.}*

1. The **Sheriff of Brevard County**, or any other authorized law enforcement officer, is ordered to serve this temporary injunction upon Respondent as soon as possible after its issuance.

2. **This injunction is valid and enforceable in all counties of the State of Florida.** Violation of this injunction should be reported to the appropriate law enforcement agency. Law enforcement officers of the jurisdiction in which a violation of this injunction occurs shall enforce the provisions of this injunction and are authorized to arrest without a warrant pursuant to Section 901.15, Florida Statutes, for any violation of its provisions, which constitutes a criminal act under Section 741.31, Florida Statutes.

3. THIS INJUNCTION IS ENFORCEABLE IN ALL COUNTIES OF FLORIDA AND LAW ENFORCEMENT OFFICERS MAY EFFECT ARRESTS PURSUANT TO SECTION 901.15(6), FLORIDA STATUTES. The arresting agency shall notify the State Attorney's Office immediately after arrest.

4. **THIS IS A "CUSTODY ORDER" FOR PURPOSES OF THE UCCJEA AND ALL STATUTES MAKING IT A CRIME TO INTERFERE WITH CUSTODY UNDER CHAPTER 787 OF FLORIDA STATUTES AND OTHER SIMILAR STATUTES.**

5. **Reporting alleged violations.** If Respondent violates the terms of this injunction and there has not been an arrest, Petitioner may contact the Clerk of the Circuit Court of the county in which the violation occurred and complete an affidavit in support of the violation, or Petitioner may contact the State Attorney's office for assistance in filing an action for indirect civil contempt or indirect criminal contempt. Upon receiving such a report, the State Attorney is hereby appointed to prosecute such violations by indirect criminal contempt proceedings, or the State Attorney may decide to to file a criminal charge, if warranted by the evidence.

DONE AND ORDERED on Thursday, February 17, 2022, in Brevard County, Florida.

Jennifer Taylor, Circuit Judge
05-2022-DR-016080 02/17/2022 05:08:18 PM

COPIES TO:

Filing 144158055 DR-016080   SHIMY   ISLAM W   05-2022-DR-016080-XXXX-XX

**Exhibit 8**

**Exhibit 13**

Sheriff of Brevard County

Petitioner:
[ ] by U.S. Mail
[ ] by hand delivery in open court
[ ] by email to designated email address(es)

Respondent:
[X] forwarded to sheriff for service
[ ] State Attorney's Office
[ ] Other:

I CERTIFY the foregoing is a true copy of the original Temporary Injunction for Protection Against Domestic Violence with Minor Child(ren) as it appears on file in the office of the Clerk of the Circuit Court of Brevard County, Florida, and that I have furnished copies of this order as indicated above

CLERK OF COURT

Estela Castellanos, Clerk
05-2022-DR-016080 02/17/2022 05:15:36 PM

Thursday, February 17, 2022.